UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| KEVIN ANDREW BEETS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:12-CR-97-RLJ-CCS-1 |
| | ) | | 3:16-CV-389-RLJ |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 111]. He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. For the following reasons, the petition will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.  BACKGROUND

On August 5, 2012, Petitioner entered a CVS Pharmacy in Powell, Tennessee, pointed a firearm at a pharmacy employee, demanded oxycodone pills, and explicitly threatened to shoot [Doc. 27 ¶ 3]. After receiving hydrocodone and oxycodone pills whose replacement value exceeded $13,700, Petitioner fled in a getaway vehicle driven by co-defendant Ulysses Van Keys [Presentence Investigation Report ("PSR") ¶¶ 6–7]. After a high-speed chase that ended when co-defendant Keys wrecked the vehicle, Petitioner attempted to flee on foot, but was apprehended while still in possession of the stolen pills and the firearm [*Id.*]. Petitioner ultimately pled guilty to pharmacy robbery, in violation of 18 U.S.C. §§ 2118(a) and 2, and

using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) [Doc. 27].

Based on prior convictions for aggravated robbery and a controlled-substance offense, Petitioner was classified as career offender with a corresponding Guidelines range of 262 to 327 months' imprisonment [PSR ¶¶ 20, 24, 36, 54]. Before sentencing, the United States filed a motion for a downward departure based on Petitioner's substantial assistance; this Court granted the motion and sentenced Petitioner to an aggregate term of 210 months' imprisonment on July 15, 2013 [Docs. 56, 71]. Consistent with the terms of his plea agreement, Petitioner did not appeal [Doc. 27 ¶ 10(a)], and the conviction became final on July 29, 2013. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within [fourteen] days after . . . the entry of . . . judgment.").

Petitioner filed a timely § 2255 motion, to which the United States responded [Docs. 79, 82, 97, 99]. Before this Court ruled on the § 2255 motion, however, Petitioner moved to withdraw the petition without prejudice; a request that this Court granted [Docs. 103, 104].

On June 24, 2016, Petitioner filed another motion pursuant to § 2255, this time seeking a sentencing relief in light of *Johnson* [Doc. 111].[1] The United States responded in opposition.

---

[1] Although chronologically his second § 2255 motion, the Court finds that it need not construe the filing as one requiring certification "by a panel of the appropriate court of appeals" under § 2255(h). *See, e.g.*, *United States v. Fulton*, 780 F.3d 683, 685 (5th Cir. 2015) (noting that a "second-in-time petition does not necessarily equate to one which is successive within the meaning of § 2255"). Rather, because his original petition was dismissed without prejudice, i.e., the Court never considered the earlier filing on its merits, this Court can consider the instant petition without first transferring it to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

## II. ANALYSIS

Petitioner's only argument in favor of collateral relief appears to be that the *Johnson* decision invalidated the similarly-worded residual clause in § 924(c)(3)(B), thereby precluding his violation of 18 U.S.C. § 2118(a) from categorization as a "crime of violence" sufficient to support a conviction under § 924(c)(1)(A) [Doc. 111 (arguing that he is entitled to vacatur of his § 924(c) conviction)]. The argument fails for two reasons.

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e), and identically worded clause in Section 4B1.2 of the United States Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[2] *See United States v. Pawlak*, 822 F.3d 902,

---

[2] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. See U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person

3

911 (6th Cir. 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit"). As such, the conviction under 18 U.S.C. § 2118(a) remains capable of supporting the conviction under § 924(c)(1)(A).

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's conviction under 18 U.S.C. § 2118(a) would remain a crime of violence under the provision because the offense qualifies under the use-of-physical-force clause contained in § 924(c)(3)(A). An offense qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Petitioner's conviction, which by definition involves the taking of a controlled substance "by force or violence or by intimidation," 18 U.S.C. § 2118(a), categorically falls within the scope of that provision. *Accord United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016) (finding that federal bank robbery, in violation of 18 U.S.C. § 2113(a), which can be committed "by force and violence, or by intimidation," falls within Section 4B1.2(a)'s use-of-physical-force clause); *United States v. McNeal*, 818 F.3d 141, 152–53 (4th Cir. 2016) (finding that federal bank robbery in 18 U.S.C. § 2113(a) categorically qualifies as a crime of violence under the use-of-physical-force clause in 18 U.S.C. § 924(c)(3)(A)). *Johnson* is inapposite, cannot operate as a basis for collateral relief.

---

or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

### III. CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion [Doc. 111] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**


**IT IS SO ORDERED.**

ENTER:


s/ Leon Jordan
United States District Judge